UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
UNITED STATES of AMERICA,

                        Plaintiff,          <u>MEMORANDUM
                                                   OPINION AND ORDER</u>

      -against-                             CV 04-4950 (ETB)

ROGER DAVID ELTON,

                        Defendant.
------------------------------------------------------------------------X

      This case concerns tax assessments for income earned by defendant Roger David Elton ("Elton" or "defendant") during tax years 1988, 1989, 1990, and 1991. The complaint alleges that Elton failed to pay his federal income tax liability for tax years 1988, 1989, 1990, and 1991, and that "after application of all payments and credits including statutory interest, there remains a balance due and owing to the United States in an amount in excess of $221,723.03." (Pl.'s Compl. ¶ 6.) In his answer, defendant asserts four affirmative defenses and two counterclaims. In particular, defendant asserts that the plaintiff's complaint is barred because plaintiff and defendant negotiated an agreement whereby defendant agreed to make payments to plaintiff to satisfy the claims in the complaint, defendant made the payments, and plaintiff misapplied the payments.

      By letter from defendant's counsel to the undersigned dated August 29, 2005, defendant's counsel requested a pre-motion conference to discuss defendant's intended motion for summary judgment. (Letter from Terrence E. Smolev to the undersigned, dated August 29, 2005.) Defendant's counsel stated that the parties jointly requested a stay of discovery, and that "[d]efendant has agreed that if the Court grants a discovery stay, the motion will be based solely

1

on statute of limitations grounds and Defendant will waive all potential defenses that could be raised in response to Plaintiff's claims, except for the statute of limitations defenses." (Id.) A pre-motion conference was held on September 12, 2005, at which the parties were given leave to file cross-motions for summary judgment, and a stay of discovery was entered pending the Court's decision on the motions.

By Memorandum Opinion and Order dated May 4, 2006, the Court denied defendant's motion for summary judgment and granted the government's cross-motion for summary judgment. (Memorandum Opinion and Order by the undersigned, dated May 4, 2006.) The Court held that the complaint was timely filed, and that the defendant was liable "for the unpaid balances of assessments for tax years 1988, 1989, 1990, and 1991, together with penalties, interest and statutory additions." (Id. at 27.) The Court further directed that the "government shall submit a proposed judgment on notice within ten (10) days of the date of this Order." (Id.)

Thereafter, on May 11, 2006, the government submitted a proposed judgment against Roger David Elton. The relevant text of the proposed judgment states: "it is ORDERED, DECREED AND ADJUDGED, that Judgment is entered in favor of the United States and against Roger David Elton in the amount of $241,420.12 plus statutory interest as of May 8, 2006." (Proposed Judgment against Roger David Elton, annexed to Letter to the undersigned from David M. Steiner, dated May 11, 2006 (emphasis in original).) Defendant responded by letter to the undersigned dated May 15, 2006, stating that the amount set forth in the government's proposed judgment was incorrect, and setting forth his intention to submit a proposed counter-judgment. (Letter to the undersigned from Richard C. Goldberg, dated May 15, 2006, at 2.) Thereafter, by affirmation by attorney Richard C. Goldberg dated May 30, 2006,

defendant contends that the Court's decision of May 4, 2006 addressed only the issue of whether or not the government's action to collect income tax, penalties and interest for the tax years in issue was barred by the statute of limitations. (Affirmation by Richard C. Goldberg in Support of Counter-Judgment ("Goldberg Aff.") ¶ 3.) Defendant argues that the May 4, 2006 decision is conclusive on this liability issue alone, and not on the issue of the amount of taxes, interest and penalties for which the defendant is liable. (Id.)

On this point, defendant argues that the amount due as set forth in the government's proposed judgment is miscalculated. (Id.) Defendant argues that during the period May 6, 1991 through February 10, 1992, he made thirteen payments to the government totaling $44,362.00, and specifically directed that these payments were to be applied to taxes only, and not to the payment of penalties or interest. (Id. ¶ 6; see also id. Exh. A.) Defendant contends that the government incorrectly applied the $44,362.00 to accumulated interest and/or payments rather than to the outstanding underlying principle amount, resulting in a judgment improperly inflated by interest not owed to the government. (Id. ¶ 8.)

Plaintiff argues in response that it has been explicit regarding its calculations since the filing of the complaint, noting that the complaint specifically set forth the amount of damages Elton owed, including interest and penalties as of November 10, 2004 (the complaint alleges that Elton owed $221,723.03 as of November 10, 2004). (Letter to the undersigned from David M. Steiner, dated May 17, 2006; see also Pl.'s Compl. ¶¶ 3, 6.). Plaintiff also argues that defendant agreed to waive all of his defenses with the exception of the statue of limitations defense, and therefore defendant is barred from now attempting to argue that the IRS should not have applied the payments chronologically, as it did. (Letter to the undersigned from David M. Steiner, dated

3

May 17, 2006.)

## DISCUSSION

The position now taken by the defendant entirely disregards the statements he and his counsel made on prior occasions to the Court and to the government. Remarkably, defendant fails to even acknowledge these prior statements in his most recent submissions.[1] Instead, the defendant insists, without any authority, that there still remains before the Court an issue concerning the method by which the government applied defendant's payment of $44,362.00 to his debt. However, as plaintiff correctly notes, defendant has waived this argument. Indeed, defendant stated both in writing and orally on the record that if the Court granted the parties' request to stay discovery and move for summary judgment, then the defendant agreed to waive all of his defenses except the statute of limitations defense. As defendant's counsel stated in an August 29, 2005 letter to the Court:

> Defendant has agreed that if the Court grants a discovery stay, the [summary judgment] motion will be based solely on statute of limitations grounds and Defendant will waive all potential defenses that could be raised in response to Plaintiff's claims, except for statute of limitations defenses. . . Defendant will make the motion for summary judgment based solely upon defenses based upon statute of limitations grounds; Defendant is prepared to waive all other potential defenses that could be raised with respect to the claims asserted in the Complaint. . . Defendant agrees that the other defenses will remain waived, regardless of the outcome of the motion. . . Because defendant is willing to waive all potential defenses other than statute of limitations, the Court's ruling on the motion will effectively decide the case.

---

[1] This change in position appears to coincide with a chance of counsel within the law firm representing the defendant (all of defendant's filings subsequent to the decision on the summary judgment cross-motions have been filed by Richard C. Goldberg instead of Terrence E. Smolev, who had been handling the case previously).

(Letter from Terence E. Smolev to the undersigned, dated August 29, 2005.)

Thereafter, at a pre-motion conference before the undersigned on September 12, 2005, defendant's counsel again stated: "The defendant is prepared to waive all other potential defenses that could be raised, everything except of course the statute of limitations." (Transcript from the Pre-Motion Conference before the undersigned, dated September 12, 2005.) Finally, in his amended affidavit submitted in support of his motion, the defendant himself acknowledges, without any objection, the method by which the IRS credited his payments against his liabilities:

> Realizing that I had substantial liability to the IRS, I voluntarily commenced monthly installment payments to the IRS from May, 1991 through and including February, 1992, which payments aggregated approximately $45,000.00. I made these monthly installment payments, notwithstanding the absence of a formally drafted, or legally binding, written agreement with the IRS allowing me to resolve my tax liabilities globally. The IRS credited all of my monthly installment payments against my liabilities chronologically in the order in which they arose. Consequently, any alleged liability for tax years 1986 and 1987 has been eliminated because the IRS credited my payments against the principal, penalties and interest for those years.

(Amended Affidavit of Roger David Elton ¶¶15-17.)

Defendant unequivocally agreed to waive the defense concerning the purported misapplication of his prior payments to the plaintiff, and thus he is barred from attempting make it an issue at this stage of the litigation. The defendant does not take issue with any computation of interest during the period that this action has been pending.

For the foregoing reasons, the Court rejects the defendant's claim that the government incorrectly applied the $44,362.00 in payments made during the period from May 6, 1991 through February 10, 1992. The government is directed to file a detailed computation, including

the applicable rate of interest, of the amount due since the filing of the complaint.

SO ORDERED.

Dated: Central Islip, New York
       June 29, 2006

/s/ E. Thomas Boyle
HON. E. THOMAS BOYLE
United States Magistrate Judge